IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH A. McLEAN,

                        Plaintiff,

        v.

DR. STEVE SHELTON, DAVID GILLIES
J. HUMPHREYS, JEFF PREMO, E. SHAW,
C. SHOTTS, LORETTA ERVING,
SUPERINTENDANT COURSEY, MICHAEL
GOWER, P. MAINE, MARSHALL
BUCHHOLZ, DR. HANSEN, TED RANDALL
DEBRA GARDNER, J. BARTON, and JOHN
AND JANE DOES 1-10.

                        Defendants.

Case No. 3:11-cv-01535-AC

FINDINGS &
RECOMMENDATION

ACOSTA, United States Magistrate Judge

       Plaintiff Joseph A. McLean ("McLean") filed this case in December 2011 under Oregon tort

law and 42 U.S.C. § 1983. He alleges that while he was incarcerated by the Oregon Department of

Corrections, the Defendants violated his Eighth and Fourteenth Amendment rights and committed

medical malpractice which led to serious injury. Now at issue is the court's Order to Show cause,

FINDINGS & RECOMMENDATION - 1

[RMD]

pursuant to which McLean must demonstrate cause why this court should not dismiss his claims for failure to prosecute.

Under Federal Rule of Civil Procedure 41, a plaintiff's failure to diligently prosecute his or her claims is grounds for dismissal. FED. R. CIV. P. 41(b).  To avoid dismissal under Rule 41(b), the plaintiff must demonstrate "reasonable diligence" in pursuing his or her claims. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). "[F]ailure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.*

McLean was previously represented by attorney Michelle Burroughs ("Burroughs"), but in late 2013 and early 2014, McLean stopped responding to Burroughs' phone calls and written correspondence. (Dkt. No. 48.)  Because Burroughs could not contact her client, she file a Motion to Withdraw and Substitute an Attorney, which the court granted on February 5, 2014.  (Dkt. No. 51.)  Thereafter, McLean proceeded *pro se*.

Since McLean's attorney withdrew in January 2014, McLean has consistently failed to respond to discovery requests and comply with court orders.  Defendants served McLean with discovery requests on May 28, 2014. (Washington Decl. ¶ 5.)  McLean did not respond to those requests. (*Id.*)  On November 20, 2014, Defendants moved to compel discovery.  (Dkt. No. 67.) McLean filed a motion to extend time to respond to the motion to compel, which the court granted, but he failed to respond by the May 22, 2015 extended response deadline.  (Dkt. Nos. 80, 81.)  When McLean failed to respond, Defendants filed a Motion to Dismiss for lack of prosecution.  (Dkt. No. 77.)  McLean again failed to respond.  On June 30, 2015, the court issued and Order to Show Cause why McLean's claims should not be dismissed for failure to prosecute.  McLean filed two motions

FINDINGS & RECOMMENDATION - 2                                    [RMD]

to extend time, which the court granted, but he failed to file a response by the extended deadline of January 8, 2016. (Dkt. Nos. 87, 90-93.)

McLean ultimately filed his response on January 11, 2016. Despite its tardiness, the court accepted his response. However, McLean's response is vague and brief and does not adequately justify his failure to prosecute his claims. The body of McLean's Response, in its entirety, is as follows ([*sic*] throughout):

> The Plaintiff, Joseph A. McLean's Answer to Court's order to show cause at this time is including now the copies of his ("McLean's") continued medical prescriptions record per request of the Defendants to this court's order. Plaintiff ("McLean") apologizes for any delay due to his being moved from place to place upon his liberty as well as his periodic incarceration within an unfortunate process. Mr. McLean herefore requests this court's acceptance of the two (2) page document's requested as ("McLean's") access by systematic means allowed him. Wherefore he pray's, [h]e has given answer with this present filing per order of U.S. Mag Judge John V. Acosta.

(Response to Order to Show Cause at 1-2) ([*sic*] throughout.) Attached to McLean's response was a list of medications McLean had been prescribed between November 12, 2013, and August 14, 2015. (Response to Order to Show Cause Ex. 1.) The court did not request that McLean produce this document, and McLean does not explain why his medications or health problems prevented him from prosecuting his claim with reasonable diligence.

The court is cognizant that McLean's ability to prosecute his claim may have been limited on account of his incarceration. However, the constitution requires that detention facilities provide incarcerated individuals the resources necessary to pursue good faith legal claims. *Bounds v. Smith*, 430 U.S. 817 (1977). Moreover, prisoners frequently file and diligently prosecute constitutional claims while incarcerated. McLean does not contend he was provided insufficient legal resources. Nor does he argue that during his detention he was supplied insufficient library time during which

FINDINGS & RECOMMENDATION - 3                                                    [RMD]

he could undertake the legal research and writing necessary to prosecute his claims. He argues only that he was "moved from place to place" and inconvenienced by his "periodic incarceration." This is not a sufficient justification for failing to prosecute his claims. Because McLean failed to prosecute this lawsuit with reasonable diligence, failed to respond to Defendants' discovery requests, and failed to comply with this court's orders, the court should dismiss McLean's claims with prejudice under Rule 41(b).

## Conclusion

For the aforementioned reasons, the court should DISMISS McLean's claims with prejudice. The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 1, 2016. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within fourteen days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 15th day of January, 2016.

JOHN V. ACOSTA
United States Magistrate Judge