IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH A. MCLEAN,

        Plaintiff,

    v.

DR. STEVE SHELTON, DAVID GILLIES, J. HUMPHREYS, JEFF PREMO, E. SHAW, C. SHOTTS, LORETTA ERVING, SUPERINTENDANT COURSEY, MICHAEL GOWER, P. MAINE, MARSHALL BUCHHOLZ, DR. HANSEN, TED RANDALL, DEBRA GARDNER, J. BARTON, and JOHN AND JANE DOES 1-10,

        Defendants.

No. 3:11-cv-01535-AC

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge Acosta issued a Findings & Recommendation [94] on January 15, 2016, in which he recommends that this Court grant Defendants' motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). Judge Acosta recommends dismissal because Plaintiff failed to pursue his claims with reasonable diligence, and failed to comply with

1 - ORDER

an Order to Show Cause. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b).

Plaintiff filed an objection to the Magistrate Judge's Findings & Recommendation. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, the court is not required to review, *de novo* or under any other standard, factual or legal conclusions of the findings and recommendation to which no objections are addressed. Summers v. Oregon Dep't of Corr., No. 2:14-CV-00312-SB, 2015 WL 5686741 (D. Or. Sept. 24, 2015) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985); Reyna-Tapia, 328 F.3d at 1121).

Plaintiff filed his case in 2011, alleging violations under 42 U.S.C. § 1983 and Or. Rev. Stat. § 30.265. Compl. at 1, ECF No. 1. Over the next five years, Plaintiff's case moved slowly as it was hampered by his numerous extensions of time, and lack of communication with his attorney. Findings & Recommendation at 2–3, ECF No. 94. In February of 2014, Plaintiff's counsel withdrew from the case, citing Plaintiff's failure to communicate. Id. at 2 (citing ECF Nos. 48 & 51. Defendants sought to compel discovery in July 2014, but Plaintiff failed to respond to interrogatories and did not produce the requested documents. Id. (citing ECF No. 59); see also ECF No. 58. Defendants eventually moved to dismiss the case for failure to prosecute, and Judge Acosta ordered that Plaintiff show cause for his lack of diligence in pursuing his claims. Id. Plaintiff filed a late response after the court granted two extensions of time. Id. at 2–3. Judge Acosta accepted the response, but found that it "[did] not adequately justify [Plaintiff's]

2 - ORDER

failure to prosecute his claims," and recommended dismissal. Id. at 3, 4. He noted Plaintiff's "consisten[t] fail[ure] to respond to discovery requests and comply with court orders." Id. at 2–3.

Plaintiff filed an objection to Judge Acosta's Findings & Recommendation, in which he argues that "[t]here is [no] law library, there is only a contract attorney" at the correctional facility where he is held, and that these facts demonstrate cause for failing to prosecute his claims. Pl.'s Reply to Findings & Recommendation at 1, ECF No. 97.

As Judge Acosta noted, "to avoid dismissal under Rule 41(b), the plaintiff must demonstrate 'reasonable diligence' in pursuing his or her claims." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Additionally, in determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Here, the first two factors weigh in favor of dismissal because of the tortured procedural history behind this case, which stems from 2011. Plaintiff has not complied with Defendants' discovery requests, and has repeatedly missed extended deadlines. See id. at 642 (explaining that it is important for courts to manage their dockets "without being subject to routine noncompliance"). The third factor also weighs in favor of dismissal, as Defendants are at risk of prejudice because Plaintiff has not answered interrogatories, and has not produced medical records which are pertinent to this case since he alleges medical malpractice. Id. at 643 (citing Sibron v. New York, 392 U.S. 40, 57 (1968) for the proposition that "[an] unnecessary delay

3 - ORDER

inherently increases the risk that witnesses' memories will fade and evidence will become stale").

Regarding the fourth factor, Judge Acosta provided a less drastic alternative to dismissal. Judge Acosta gave Plaintiff an extended opportunity to show cause, and still accepted Plaintiff's late response before recommending dismissal. See Ferdik, 963 F.2d at 1262 (explaining that district court's granting of an additional thirty days for plaintiff to amend his complaint and achieve compliance constituted an attempt at a less drastic sanction to that of outright dismissal). However, Plaintiff's response to Judge Acosta's order failed to provide any persuasive justification for his years of failing to prosecute his case. Finally, though the fifth factor favors disposition on the merits, Plaintiff's repeated delays and noncompliance have actually impeded this matter from going to trial. See Summers, 2015 WL 5686741 at *2 (noting that when plaintiffs prevent a case from moving forward, public policy favoring resolution on the merits does not have as much weight).

Plaintiff's objection is not enough to overcome the weight of all five factors favoring dismissal. Prisoners do not have "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). Prisoners must demonstrate that the alleged shortcomings in the library or legal assistance program "hindered efforts in pursuing a claim." Id. In this case, Plaintiff has already brought forth his claim and at one point had counsel, with whom he stopped communicating. Findings & Recommendation at 2 (citing ECF Nos. 48 & 51). Moreover, Plaintiff simply had to comply with discovery obligations and meet response deadlines—activities which do not require access to a law library.

4 - ORDER

The Court has carefully considered Plaintiff's objection and concludes there is no basis to modify the Findings & Recommendation. The Court also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS Magistrate Judge Acosta's Findings & Recommendation [94]. Accordingly, Defendants' Motion for Dismissal for Failure to Prosecute [77] is GRANTED.

IT IS SO ORDERED.

DATED this ___16___ day of ___March___, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge